IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2057-D

| | | |
|---|---|---|
| GABRIEL PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN DAVID RICH, | ) | |
| | ) | |
| Respondent. | ) | |

Gabriel Perez ("Perez" or "petitioner"), proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. On May 2, 2025, the court reviewed the petition under 28 U.S.C. § 2243 and allowed the action to proceed [D.E. 5].

On June 23, 2025, respondent moved to dismiss the petition for lack of jurisdiction [D.E. 10, 11, 12]. That same day, the court notified Perez of respondent's motion to dismiss, the response deadline, and the consequences of failing to respond [D.E. 13]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Perez responded in opposition [D.E. 17], and moves for a bail hearing, appointment of counsel, and to strike the motion to dismiss [D.E. 14, 16]. As explained below, the court grants the motion to dismiss and denies petitioner's motions.

I.

Perez "pleaded guilty to Conspiracy to Possess with Intent to Distribute five (5) kilograms or more of Cocaine and fifty (50) grams or more of cocaine base, 'crack,' in violation of 21 U.S.C. §§ 841 (b)(1), (b)(1)(A), and 846" and received a "minimum sentence of 240 months of imprisonment" as part of his plea agreement. United States v. Perez, No. MO:07-CR-1194, 2015

WL 13753846, at *1 (W.D. Tex. Oct. 27, 2015) (unpublished); see [D.E. 1] ¶¶ 3–5. During his incarceration, Perez entered the Bureau of Prisons's Residential Drug Abuse Program ("RDAP"). See [D.E. 1] ¶ 16. On August 19, 2024, however, Perez "was immediately expelled [from RDAP] for the introduction and distribution of illicit substances in the RDAP unit" and was no longer eligible for early release pursuant to 18 U.S.C. § 3621(e). [D.E. 12] ¶ 4; see [D.E. 12-1] 1–2. Perez alleges that his "one year sentence reduction for . . . successful completion of the RDAP Program . . . was forfeited maliciously and illegally without any rule infraction or due process that must be afforded when taking release credits." [D.E. 1] ¶ 17.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Fed. R. Civ. P. 12(b)(1); Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine, 411 F.3d at 479–80 (citation omitted). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104 (citation omitted); see, e.g., Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside of the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647; Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

"A prisoner has no constitutional right to participate in RDAP and similarly, a prisoner has no liberty interest in discretionary early release for completion of RDAP." Standifer v. Ledezma,

2

653 F.3d 1276, 1280 (10th Cir. 2011) (cleaned up); see United States v. Smith, No. 23-5519, 2024 WL 1007115, at *7 (6th Cir. Mar. 8, 2024) (unpublished); Dababneh v. Warden Loretto FCI, 792 F. App'x 149, 151 (3d Cir. 2019) (per curiam) (unpublished); Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011); cf. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Moreover, the statute governing RDAP "grants virtually unfettered discretion to the BOP," and therefore "it was within the BOP's discretion to remove [Perez] from RDAP—and even if he had not been removed, his access to a sentence reduction would still have been left to the discretion of the BOP." Blair v. Leu, No. 2:22-CV-278, 2023 WL 3831816, at *3 (E.D. Va. May 1, 2023) (unpublished), report and recommendation adopted, 2023 WL 3821161 (E.D. Va. June 5, 2023) (unpublished); see Smith, 2024 WL 1007115, at *7; Dababneh, 792 F. App'x at 152. Thus, Perez fails to demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And the court grants respondent's motion to dismiss and denies Perez's motions.

After reviewing Perez's petition, the court finds that reasonable jurists would not find the court's treatment of Perez's petition debatable or wrong, and that the petition does not deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 10], DENIES petitioner's motions [D.E. 14, 16], and DISMISSES the petition for a writ of habeas corpus [D.E. 1]. The

3

court DENIES a certificate of appealability. The clerk shall close the case and send a copy of this order to petitioner at his current place of incarceration.[1]

SO ORDERED. This 9 day of December, 2025.

                                                  JAMES C. DEVER III
                                                  United States District Judge

---

[1] Perez has been transferred to a residential reentry center. See BOP Inmate Locator, https://www.bop.gov/inmateloc (search by inmate number) (last visited Dec. 9, 2025).

4